FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2018 APR -3 PM 2: 39

KARA BATTLE,
an individual,

        Plaintiff,

Case No. 6:18-cv-506-ORL-28-DCI

v.

HARRIS CORPORATION,
a foreign corporation,

        Defendant.
_____/

## COMPLAINT

NOW INTO COURT, comes Plaintiff, Kara Battle, by and through undersigned counsel, and hereby sues Defendant, Harris Corporation, and for a cause of action states as follows:

### JURISDICTION

1. This is a cause of action arising out of 29 U.S.C. Section 1001, *et seq.*, the Employee Retirement Income Security Act ("ERISA").

### VENUE

2. At all times material hereto Defendant was doing business within the Middle District of Florida, out of which business this cause of action arises.

### PARTIES

3. Plaintiff, Kara Battle, is a citizen of the State of Florida, County of Orange, and is an individual of the full age of majority.

4. Defendant, Harris Corporation, is a foreign corporation authorized to do and doing business in the State of Florida, within the Middle District of Florida.

## COUNT I

5. At all times material hereto, Plaintiff was an employee of Defendant. In connection with said employment, Plaintiff was entitled to benefits pursuant to an Employee Welfare Benefits Plan, as that term is defined in ERISA. Among other benefits, Plaintiff was entitled to group Long Term Disability benefits.

6. Attached hereto as Composite Exhibit A are the documents in Plaintiff's possession evidencing that obligation.

7. By way of its March 22, 2018 Email, attached as Exhibit B, Defendant confirms that these documents are the ones which control Plaintiff's benefit entitlement.

8. Metropolitan Life Insurance Company (hereinafter "MetLife") is the claims administrator of the policy. Defendant attempted to improperly delegate its discretionary authority to MetLife. MetLife was ostensibly given discretionary authority relative to its decision making authority over Long Term Disability claims.

9. While Defendant is the entity responsible for payment of Long Term Disability benefits, MetLife and, therefore, Defendant, was operating under a conflict of interest in its decision making relative to such benefits entitlement as MetLife had an interest in keeping Defendant's exposure for any such benefits to a minimum so that MetLife would be allowed

to continue to profit from its business as the claims administrator. Moreover, MetLife would also want to curry the continuing favor of Defendant as it is now the insurer of the Long Term Disability benefits aspect of Defendant's employee Welfare Benefit Plan.

10. As a result of the allegations contained in Paragraphs Eight (8) through Nine (9) above, Defendant was operating under a conflict of interest in the decision making process relative to the benefit entitlement made the subject of the instant cause of action.

11. As a result of said conflict of interest, the adverse benefits determination made the subject of this cause of action was tainted and materially and adversely impacted thereby.

12. Notwithstanding the conflicted benefits determination to the contrary, Plaintiff is, and for all periods of time material hereto has been, totally disabled, as that term is defined in the Policy, and is entitled to payment of Long Term Disability benefits, as called for in the Policy, for the period of time called for therein.

13. All conditions precedent to the bringing of this cause of action have been met or waived by Defendant.

14. Plaintiff has complied with all administrative appeal procedures required by the Defendant, to no avail.

15. Plaintiff is entitled to group disability benefits from January 6, 2017 to date and continuing.

16. Plaintiff has retained the law firm of Herbert M. Hill, P.A. and has agreed to pay a reasonable fee for services rendered in this matter.

WHEREFORE, Plaintiff prays for entry of a Judgment in her favor awarding the relief outlined in paragraph 15 above and for interest, attorney's fees and costs.

DATED: April 3, 2018

_____
Herbert M. Hill, Esquire, Trial Counsel
Florida Bar No. 328464
Michael Ann Woodard, Esquire
Florida Bar No. 116479
Herbert M. Hill, P.A.
Post Office Box 2431
Orlando, FL 32802
Office: 407/839-0005
Fax:    407/839-1118
Email: hmh@herbertmhill.com
           Maw@herbertmhill.com
Counsel for Plaintiff